## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Geokinetics Inc., et al.,[1] | Case No. 13-_____ ( ) |
| Debtors. | Joint Administration Requested |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO PREPARE A SINGLE LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully submit this *Motion for Entry of an Order Authorizing the Debtors to Prepare a Single List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor* (the "Motion"). In support of the Motion, the Debtors represent and set forth as follows:[2]

### PRELIMINARY STATEMENT

1.      By this Motion, the Debtors are seeking authority to prepare and maintain a single, consolidated list of creditors in the format already used by the Debtors in the ordinary course of their businesses rather than preparing and submitting a formatted mailing matrix for each Debtor. The Debtors believe that, given the overlapping nature of the Debtors' businesses

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Geokinetics Inc. (0082), Geokinetics Holdings USA, Inc. (6645), Geokinetics Services Corp. (1753), Geokinetics Processing, Inc. (9897), Geokinetics Acquisition Company (0110), Geokinetics USA, Inc. (7282), Geokinetics International Holdings, Inc. (8468), Geokinetics Management, Inc. (3414), Geokinetics International, Inc. (2143), and Advanced Seismic Technology, Inc. (9540). The Debtors' address is 1500 Citywest Boulevard, Suite 800, Houston, Texas 77042.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' restructuring, are set forth in greater detail in the Declaration in Support of First Day Motions (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the date hereunder (the "Petition Date").

as well as their pre-petition practice of maintaining computerized lists of their creditors and various stakeholders, the relief requested herein will contribute to the efficient administration of these cases and is in the best interest of the Debtors and their estates.  Moreover, given the pre-packaged nature of these cases as well as the Debtors' planned short stay in bankruptcy, the Debtors do not believe that any parties in interest will be prejudiced or otherwise materially harmed in any way.  Accordingly, the Debtors seek authority to prepare a single consolidated list of creditors instead of a separate matrix for each individual debtor.

**JURISDICTION**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 521, rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1 and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

**A.      General Background**

5.      On February 7, 2013, the Debtors commenced solicitation of a pre-packaged chapter 11 plan by distributing to parties entitled to vote the *Joint Chapter 11 Plan for Geokinetics Inc., et al.* (the "Plan") and the *Solicitation and Disclosure Statement for the Joint Chapter 11 Plan for Geokinetics Inc., et al.* (the "Disclosure Statement").  The deadline to cast a

203237254

ballot on the Plan was March 8, 2013. Creditors in each class entitled to vote on the Plan voted overwhelmingly to approve the Plan in satisfaction of Bankruptcy Code section 1126.[3]

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. No committees have been appointed or designated.

7.      Concurrently with the filing of this Motion, the Debtors have filed their Plan, Disclosure Statement, and Solicitation Motion.[4] The Solicitation Motion requests, among other things, that the Court conduct a hearing to approve the adequacy of the Disclosure Statement and to consider confirmation of the Plan on a date that will allow an order confirming the Plan to be entered within forty-five (45) days of the Petition Date.

8.      The Plan embodies the settlement and agreement reached with and among the Debtors' major debt holders and preferred equity holders. If confirmed, the Plan will significantly de-lever the Company's balance sheet, provide for a new capital investment and create financial stability for the Company's future operations. Given that the Debtors have received overwhelming support from stakeholders in each class entitled to vote on the Plan and all of the Debtors' other creditors will be paid in full or are otherwise unimpaired pursuant to the

---

[3] Class 4 voted to approve the Plan by 95.61% in amount and 84.56% in number. Class 7 voted unanimously to approve the Plan.

[4] *Debtors' Motion for Entry of an Order (I) Scheduling a Combined Hearing to Approve the Adequacy of the Disclosure Statement, Confirmation of the Plan, and Adequacy of Pre-Petition Solicitation Procedures; (II) Setting Deadlines and Procedures for Objecting to Adequacy of the Disclosure Statement, Confirmation of Plan, and Adequacy of Pre-Petition Solicitation Procedures; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) if Necessary, Conditionally Approving the Disclosure Statement; and (V) Directing the Office of the United States Trustee Not to Convene a Meeting of Creditors and Equity Holders* (the "Solicitation Motion").

203237254

Plan, the Debtors anticipate these chapter 11 cases will be consensually resolved in an expeditious manner.

9.      This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein. Additional facts specific to this Motion are set forth below.

**B.      Specific Background**

10.      The Debtors comprise ten entities operating as a series of closely-related entities. Prior to the Petition Date, the Debtors' and/or their agents maintained computerized records of their creditors, interest holders, and other parties in interest. Because of the closely-related nature of their businesses, many of the Debtors' creditors overlap between the various Debtors.

11.      Contemporaneously with the filing of this Motion, the Debtors filed an application to retain GCG, Inc. ("GCG") as their claims and noticing agent in these chapter 11 cases. If that application is granted, GCG will—among other things—(i) assist with the consolidation of the Debtors' computer records into a creditor database and prepare creditor lists, (ii) mail notices to the parties in the database, including the notice of commencement of these chapter 11 cases, and (iii) undertake any other mailings directed by the Court or the United States Trustee for the District of Delaware (the "U.S. Trustee"), or required by the Bankruptcy Code or the Bankruptcy Rules. The Debtors believe that using GCG for this purpose will maximize administrative efficiency in these chapter 11 cases and reduce the administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.

12.      After consulting with GCG, the Debtors believe that preparing a single consolidated list of creditors in the format currently maintained by the Debtors in the ordinary course of their businesses will be sufficient to permit GCG to promptly provide notices to all applicable parties. Indeed, with the assistance of GCG, the Debtors will be prepared to provide

4

parties in interest with a computer-readable consolidated list of creditors upon request and will

be capable of undertaking all mailings required during the pendency of these chapter 11 cases.

Accordingly, the Debtors believe that maintaining a single consolidated list of creditors, rather

than preparing a separate matrix for each Debtor, will maximize efficiency, increase accuracy,

and reduce costs to the benefit of the Debtors' estates.

## RELIEF REQUESTED

13.     The Debtors submit this Motion requesting entry of an order, substantially in the

form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to prepare

and maintain a single, consolidated list creditors in lieu of submitting a formatted mailing matrix

for each Debtor; *provided, however*, to the extent that the Debtors' Plan is not confirmed on or

before May 15, 2013, absent further relief from the Court, the Debtors shall comply with Local

Bankruptcy Rule 2002-1(f)(v).

## SUPPORTING AUTHORITY

14.     Bankruptcy Code section 521(a), Bankruptcy Rule 1007(a)(1), and Local Rule

1007-2(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and

complete address of each creditor.   Moreover, Local Rule 1007-1(a) provides that any

"[r]equired lists, schedules and statements of financial affairs" must be filed in accordance with

the Bankruptcy Code.   Finally, newly amended Local Rule 2002-1(f)(v) requires each debtor in

jointly administered cases to maintain a separate creditor mailing matrix.

15.     The Debtors submit that permitting them to maintain a single consolidated list of

creditors, in lieu of filing a separate creditor matrix for each Debtor, is warranted under the

circumstances of these chapter 11 cases.   More specifically, maintaining a single consolidated

list of creditors will benefit the Debtors and their estates by allowing the Debtors to more

efficiently provide required notices to parties in interest and reduce the potential for duplicate

5

mailings. As explained above, many of the Debtors' creditors overlap. Thus, to the extent that the Debtors were required to maintain separate mailing matrices for each Debtor, a substantial number of parties would likely received multiple copies of the same notice.

16.    Moreover, because of the pre-packaged nature of these chapter 11 cases and the Debtors' planned short stay in bankruptcy, the Debtors do not believe that any party interest will be prejudiced or otherwise materially impacted. Indeed, requiring the Debtors to segregate and convert their computerized records to a format compatible with the individual matrix requirements would be an exceptionally burdensome task on the Debtors and would greatly increase the risk and recurrence of error.    However, to ensure that no parties in interest are prejudiced, the Debtors will make their consolidated list of creditors available, in readable electronic format, to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). Accordingly, the Debtors submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present here.[5]

17.    Finally, this Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See In re Ormet Corporation, et al.,* Case No. 13-10334 (Bankr. D. Del., Feb. 27, 2013).

## DEBTORS' RESERVATION OF RIGHTS

18.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code

---

[5] In order to further minimize any potential prejudice, in the event that the Debtors have not confirmed their Plan on or before May 15, 2013, absent further relief from the Court, the Debtors will comply with Local Bankruptcy Rule 2002-1(f)(v).

203237254

section 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE

19.     No trustee, examiner, or creditors' committee has been appointed in the Debtors' chapter 11 cases. The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agents under the Debtors' pre-petition credit facilities; (d) Fried, Frank, Harris, Shriver & Jacobson LLP, as counsel to the Consenting Noteholders and the proposed Backstop DIP Lenders, Attn: Jennifer Rodburg, Esq. and Richard Slivinski, Esq.; (e) Pachulski, Stang, Ziehl & Jones LLP, as Delaware counsel to the Consenting Noteholders and the proposed Backstop DIP Lenders, Attn: Laura Davis Jones, Esq. (f) the United States Securities and Exchange Commission; (g) the United States Internal Revenue Service; and (h) any party that may have a particular interest in this Motion. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form annexed as **Exhibit A** hereto granting the relief requested in the Motion and (b) grant such other and further relief as may be just and proper.

7

203237254

Wilmington, Delaware
Date: March 10, 2013

**RICHARDS, LAYTON & FINGER, P.A.**
Paul N. Heath (DE 3704)
L. Katherine Good (DE 5101)
Tyler D. Semmelman (DE 5386)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sarah Link Schultz (*pro hac vice* motion pending)
Michael S. Haynes (*pro hac vice* motion pending)
Sarah J. Crow (*pro hac vice* motion pending)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

**PROPOSED COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION**

8

203237254

**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Geokinetics Inc., et al.,[1] | Case No. 13-_____ (    ) |
| Debtors. | Joint Administration Requested |

## ORDER AUTHORIZING THE DEBTORS TO PREPARE A SINGLE LIST OF CREDITORS IN LIEU OF A FORMATTED MAILING MATRIX FOR EACH DEBTOR

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of this Order pursuant to Bankruptcy Code sections 105(a) and 521, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rules 1007-1 and 2002-1 authorizing the Debtors to prepare a single list of creditors in lieu of a formatted mailing matrix for each Debtor, all as further described in the Motion; the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion being adequate and appropriate under the particular circumstances; a hearing having been held to consider the relief requested in the Motion; upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Geokinetics Inc. (0082), Geokinetics Holdings USA, Inc. (6645), Geokinetics Services Corp. (1753), Geokinetics Processing, Inc. (9897), Geokinetics Acquisition Company (0110), Geokinetics USA, Inc. (7282), Geokinetics International Holdings, Inc. (8468), Geokinetics Management, Inc. (3414), Geokinetics International, Inc. (2143), and Advanced Seismic Technology, Inc. (9540).  The Debtors' address is 1500 Citywest Boulevard, Suite 800, Houston, Texas 77042.

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Motion is granted to the extent provided herein.

2.      Notwithstanding Local Bankruptcy Rule 2002-1(f)(v), in lieu of submitting a formatted mailing matrix for each Debtor, the Debtors shall prepare and maintain, with the assistance of GCG, a single, consolidated list of all of the Debtors' creditors in electronic format. To the extent that the Debtors' Plan is not confirmed on or before May 15, 2013, absent further relief from the Court, the Debtors shall comply with Local Bankruptcy Rule 2002-1(f)(v).

3.      The Debtors shall make such list available in readable electronic format (or in non-electronic format at such requesting party's sole cost and expense) upon reasonable request by parties in interest.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Wilmington, Delaware
Date: _____, 2013

                                      _____
                                      United States Bankruptcy Judge

2